```
              UNITED DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                  TAMPA DIVISION
```

**DAVID W. DAVIS**,

    Plaintiff,

vs.                                  **Case No.   8:05-CV-1303-T-24EAJ**

**JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY**,

    Defendant.
_____/

### FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) (1994), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying claims for disability insurance and supplemental security income ("SSI") under the Act.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole.  42 U.S.C. § 405

---

[1]  The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge.  (Dkt. 7)

(g); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155,1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233,1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

I.

In his application, Plaintiff alleges an onset of disability beginning August 1, 1998. (T 64, 311) He was fifty-two years of age at the time of the ALJ's decision and fifty-five years of age at the time the Appeals Council denied Plaintiff's request for review. (T 315; T 6) Plaintiff has a General Equivalency Diploma

and past relevant work experience as a machinist and sheet metal worker.  (T 81; T 88)

A hearing was held before the ALJ on February 7, 2002.  (T 308)  The ALJ found that Plaintiff has severe impairments described as (1) degenerative joint disease of his right knee; (2) degenerative disc disease; (3) a post traumatic stress disorder (PTSD); (4) chronic depression; (5) alcohol abuse, in remission; and (6) degenerative disc disease and osteoarthritis of the lumbosacral spine, but determined these impairments were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  (T 31)

The ALJ determined that Plaintiff's alleged limitations from these severe impairments were credible, but not credible to demonstrate the inability to perform all work activity as Plaintiff alleges. (T 28)  The ALJ based this determination on a lack of supportive objective medical evidence in the record.  (T 28)

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light duties, capable of lifting ten pounds frequently and twenty pounds occasionally, sitting for six hours, and standing/walking for four hours total in an eight-hour workday.  The ALJ further noted that the claimant can occasionally bend, crawl, squat, climb stairs, reach overhead and perform fine manipulation.   (T 32) However, the ALJ imposed additional limitations, stating: "The claimant is precluded from working

3

around heights or hazardous machinery and working in environments involving exposure to extremes of temperature and humidity. The claimant retains the mental residual functional capacity to understand, remember and carry out simple instructions, which is defined in the instant case as "unskilled work." (T 32)(citations omitted)

The ALJ concluded that Plaintiff was unable to perform any of his prior work, however, Plaintiff could perform "light" jobs, such as production inspector/checker, of which sufficient numbers of these jobs were found to exist in the economy. (T 30; T 31) As a result, the ALJ concluded Plaintiff was not under a disability as defined in the Act. (T 31-32)

On June 16, 2005, the Appeals Council denied Plaintiff's request for review and allowed the ALJ's decision to stand. (T 6)

Plaintiff argues that (1) the Commissioner erred by improperly discounting the findings of his treating psychiatrist and (2) the Commissioner erred by failing to apply the correct medical vocational guideline rule.

## II.

A. Plaintiff argues that the ALJ erred by improperly discounting the findings of his treating psychiatrist, M. Barry Cannell, M.D. ("Dr. Cannell"). (Dkt. 11 at 6)

Generally, a treating clinician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to

4

the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). The Eleventh Circuit has found "good cause" when the treating source's opinion is unsupported by objective medical evidence, conclusory, or contrary to the evidence. Id. at 1241.

Plaintiff was diagnosed with PTSD in November 1998 at Bay Pines VA Medical Center in Florida. (T 141) Plaintiff sought treatment at the VA for problems of sleep disturbances, nightmares of combat events of Vietnam, night sweats, difficulties in communication skills with family members, inability to develop new relationships, and long periods of depression that lead to withdrawal and isolation from others. (T 141).

Plaintiff began treatment at the VA in December 1998, but then moved to Ohio. (T 138-139) Plaintiff returned to the VA in Florida for treatment of PTSD in March, 2001, under the supervision of Dr. Cannell, obtaining group counseling, medication management, and individual counseling to assist in dealing with increased anger and depression. (T 215; T 243) During this time, Plaintiff was given several Global Assessment Function (GAF) scores, mostly in the 40's[2]. (T 203; 284; T 288) Plaintiff's treatment eventually

---

[2] A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders DSM-IV at 30 (4th ed. 1994) [hereinafter DSM-IV]. A GAF score of 41-50 indicates severe symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational or school functioning (e.g., no

resulted in participation in Bay Pines VA residential treatment program for PTSD in September, 2001.  (T 284)  Upon discharge from the in-patient treatment program, Plaintiff was given a Global Assessment Function (GAF) score of 46, his poor anger control decreased from an "8 to a 7", and it was recommended Plaintiff attend a twelve week anger management course.  (T 284-285)

Dr. Cannell completed a Medical Source Statement of Ability to Do Work-related Activities (Mental) on December 26, 2001.  (T 289) Dr. Cannell assessed Plaintiff as having marked and extreme restrictions on work activities.  (T 289) Dr. Cannell supported this assessment by describing Plaintiff's problems with anxiety, panic, PTSD, inability to trust authority figures, and evidenced by having a "minimum of 40 jobs since returning from Vietnam."  (T 290) Dr. Cannell described Plaintiff's PTSD symptoms as having "cost him friendships and the potential loss of his marriage."  (T 290)

The ALJ expressly rejected the opinion of Dr. Cannell finding this opinion to be "in complete contrast to the remainder of the other evidence of record."  (T 27)  In rejecting Dr. Cannell's opinion, the ALJ cited to treating sources' description of Plaintiff as cooperative (T 27; T 160; T 203), pleasant (T 27; T 155; T 196), and fully oriented and alert.  (T 27; T 159; T 194) However, the ALJ found the most compelling reason for rejecting Dr.

---

friends, unable to keep a job).  DSM-IV at 32.

Cannell's opinion was Plaintiff's conduct and functioning while in the six week residential treatment program for PTSD at Bay Pines VA Hospital.  (T 27; T 284) While in an in-patient setting under treatment with other veterans, Plaintiff established "good rapport" with other veterans, adjusted to dorm life, attended treatment groups and recreational activities, and successfully used therapeutic passes over the weekends.  (T 27; T 284-285) The ALJ stated that this "level of described functioning is in direct contrast to the assessment of Dr. Cannell."  (T 27)

The Eleventh Circuit has found the requisite "good cause" to deny substantial weight to a treating physician opinion when the treating physician's opinion "was neither conclusory nor based on insufficient evidence." Davis v. Comm'r, 2004 WL 3723521, *2 (11th Cir. Nov. 15, 2004).  The plaintiff in Davis alleged that the ALJ failed to consider her diagnosis of conversion disorder[3] when the ALJ determined she was not disabled Id. at *1.  The ALJ discounted the opinion of plaintiff's primary care physician when determining whether sufficient evidence existed in the record to support the diagnosis. Id. at *2.  The court observed that the symptoms and allegations of plaintiff, as observed by others, were "perfectly consistent with this diagnosis." Id.  Because of this, plaintiff's treating physician's opinion was "neither conclusory nor based on

---

[3] Conversion Disorder is a "one or more symptoms or deficits affecting voluntary motor or sensory function that suggest a neurological or other general medical condition."  DSM-IV at 457.

7

insufficient evidence." Id.  The court held that the ALJ improperly discounted the treating physician's opinion stating, "we have held that 'remands are required when an ALJ fails to consider properly a claimant's condition despite evidence in the record of the diagnosis'." Id. (citing Vega v. Comm'r of Soc. Sec'y, 265 F.3d 1214, 1218 (11th Cir. 2001).

In the case under review, Plaintiff's treating physician's opinion is neither conclusory nor based on insufficient evidence. Dr. Cannell's opinion is consistent with other evidence in the record stating that Plaintiff has "exhibited symptoms of having a very short fuse, being excessively angry." (T 290) Dr. Cannell stated that these symptoms result in Plaintiff being unable to communicate effectively and have a "significant" impact on memory loss. (T 289)  Dr. Cannell's opinion is also supported by the decision of the Department of Veterans Affairs to redetermine Plaintiff's disability, effective November 2001, from 50% to 70% due to the PTSD occurring as a result of his experiences in Vietnam. (T 56)

Also in support of Dr. Cannell's opinion are the various Global Assessment Functioning (GAF) scores given to Plaintiff. Plaintiff, during his continual treatment at Bay Pines VA, had been given a GAF of 44 in May 2001 (T 203), GAF of 53 in June 2001 (T 196), GAF of 46 in October 2001 (T 284) and again in November 2001

8

(T 288). The ALJ cites to one GAF score of 60[4] given in September 2000 by consultative psychologist Gerald Hodan, Ph.D. ("Dr. Hodan")(T 29, T 161) but that score is inconsistent with all other GAF scores in the record.

The Eleventh Circuit has also found the requisite "good cause" not met when an ALJ based a determination of improved heart health, thus no disability, on a plaintiff's successful completion of an exercise test and participation in housework and fishing. Lewis, 125 F.3d at 1441. The plaintiff in Lewis appealed the Commissioner's determination that his health had improved and, therefore, could perform work. Id. at 1437. The dispute centered around, not plaintiff's underlying heart condition, but the affect of that condition on his ability to work. Id. at 1440. The ALJ discounted the opinions of plaintiff's treating physicians finding that other objective evidence in the record did not support these opinions. Id. at 1441. Specifically, ALJ cited to plaintiff's successful completion of an exercise test and to plaintiff's admission that he performs housework and fishing. Id. The court reasoned that completing the exercise test is not "necessarily indicative of his ability to work." Id. The court also reasoned

---

[4] The ALJ initially stated that Dr. Hodan assessed Plaintiff's GAF score at 40. (T 29) Later, the ALJ referred to a GAF score of 60. (Id.) Because Dr. Hodan's records document Plaintiff's GAF score as 60, the undersigned finds the ALJ made a typographical error when he initially referred to Plaintiff's GAF score as 40. (T 161)

9

that "participation in everyday activities of short duration" does not necessarily "disqualify a claimant from disability." Id. The court did not find substantial evidence to support the weight given by the ALJ to the treating physician opinions. Id. In addition, the court held that when "proper weight is given to reports of [treating physicians] there is simply no substantial evidence supporting the Commissioner's decision." Id.

In the case under review, the ALJ cited to Plaintiff's ability to function within a structured residential environment as the reason to discredit Dr. Cannell's opinion. Plaintiff's ability to establish good rapport with other veterans, adjust to dorm life, and attend treatment groups is not necessarily "indicative" of Plaintiff's ability to effectively function in an unstructured work environment. The ALJ's determination that Plaintiff has the ability to adjust to other work based on Plaintiff's conduct or functioning within a structured residential treatment setting is not "good cause" to reject Dr. Cannell's opinion.

The Commissioner cannot discount a treating source's opinion when "the medical evidence does not conclusively counter these ... opinions." Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987). The evidence in the record relied upon by the ALJ does not provide good cause to disregard the opinion of Dr. Cannell. In short, there is no substantial evidence supporting the ALJ's decision to reject the work-related limitations provided by Dr. Cannell, a

treating physician.

The ALJ relied on the testimony of the Vocational Expert (V.E.) finding Plaintiff had the RFC to perform light work. (T 30-31; T 360) However, the V.E. did not have Dr. Cannell's opinion in the record provided to him for review. (T 363) When the V.E. was asked by Plaintiff to consider Dr. Cannell's opinion, the V.E. testified that Plaintiff would be precluded from work. (T 363)

When proper weight is given to the opinion of Dr. Cannell, there is no substantial evidence supporting the Commissioner's decision. <u>Lewis</u>, 125 F.3d at 1441. Therefore, this is one of those highly unusual cases justifying not remand but reversal with a remand with instructions to the Commissioner for the award of benefits.

B. Although the disposition of this appeal as to issue one renders issue two arguably moot, the court will consider issue two because it underscores the conclusion that Plaintiff's applications were improperly denied.

Plaintiff argues that the ALJ erred by failing to apply the correct medical vocational guideline rule. Specifically, Plaintiff argues that the ALJ should have applied Rules 201.14 and 202.14 which pertain to individuals aged 50-54 years. (Dkt. 11 at 10) Plaintiff argues that application of these Rules would dictate a finding that Plaintiff is disabled even if the ALJ's finding of Plaintiff's RFC is correct. (Dkt. 11 at 10)

11

While relying on the testimony of a vocational expert who identified jobs Plaintiff could perform, the ALJ also used the so-called medical-vocational guidelines found in the regulations. The ALJ selected the guideline which which defines Plaintiff as a "younger individual" by utilizing Plaintiff's age of 48 at the time of onset of the disability which was August 1, 1998 and found Plaintiff not disabled using Rules 202.21 and 201.21, pertaining to persons aged 18-49 years, as a framework. (T 31)

If a claimant is a "younger person" under age 50, the Commissioner "generally do[es] not consider that ... age will seriously affect ... ability to adjust to other work." 20 C.F.R. § 404.1563(c). However, if claimant is a "person closely approaching advanced age", 50-54 years old, then "we will consider that ... age along with a severe impairment(s) and limited work experience may seriously affect ... ability to adjust to other work." 20 C.F.R. § 404.1563(d). In addition, the Commissioner considers "that ... advanced age (age 55 or older) ... significantly affects a person's ability to adjust to other work." 20 C.F.R. § 404.1563(e).

The Appendix 2 to Subpart P of Regulations No. 4 apply these age categories to situations where a claimant is limited to sedentary work (Rule 201.00) or to light work (Rule 202.00) as a result of severe impairments.

For claimants who are found capable of only sedentary work, a

finding of disability is mandated for a "person closely approaching advanced age." Rule 201.14.  However, a finding of not disabled is mandated for a "younger individual" in the same situation.  Rule 201.21.  For claimants found capable of only light work, there is no mandated finding of disability for either age group.  Rule 202.14; Rule 202.21.  However, in "cases involving combinations of impairments," the rules "provide guidance for decisionmaking." 20 C.F.R. Pt. 404, Subpt. P, App. 2(d).

Regulations governing the determination of disability state the following:

> "when we *decide* whether you are disabled ... we will consider your chronological age in combination with your residual functional capacity, education, and work experience."

20 C.F.R. § 404.1563(a)(emphasis added).  Therefore, the date of "decision" in the disability determination process determines what age is to be considered.

In a recent discussion regarding exhaustion of administrative remedies in order to seek federal district court review of a final decision of a social security disability claim, the United States Supreme Court acknowledged that the Social Security Act does not define "final decision", but is instead defined by the regulations promulgated by the Social Security Administration (SSA).  Sims v. Apfel, 530 U.S. 103, 106 (2000).  The Court interpreted SSA regulation 20 CFR § 404.900(a)(4)-(5) to mean the following:

> If the Appeals Council grants review of a claim, then the

> decision that the Council issues is the Commissioner's final decision. But if ... the Council denies the request for review, the ALJ's opinion becomes the final decision.

Id. at 106-107.

In the case under review, Plaintiff's hearing before the ALJ occurred on February 7, 2002. (T 15) Plaintiff was 51 years of age. (T 64, 315) The ALJ decision was issued on January 30, 2003. (T 33) Plaintiff was 52 years of age. The Appeals Council denied Plaintiff's request for review on June 16, 2005 when Plaintiff was 55 years of age. (T 6) Because the Appeals Council denied Plaintiff's request for review, the ALJ's opinion is the final decision. Thus, Plaintiff's age of 52 years is the age which should have been considered in determining Plaintiff's disability. Therefore, the ALJ erred in utilizing Plaintiff's age of 48, the date of onset of disability, as the age considered when "deciding" whether Plaintiff was disabled.

Plaintiff's age of 52 years places him in the category of "person closely approaching advanced age" incorporating an age range of 50-54 years. 20 CFR §§ 404.1563(d). This regulation states that if a person is within this category, "we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work." Id.

The ALJ determined that Plaintiff has severe impairments, is unable to perform any past relevant work, and has acquired no skills which are transferrable to skilled or semi skilled work functions. (T 31-32) When considering these determinations in combination with Plaintiff's "approaching advanced age" of 52 years, along with proper weight given to Dr. Cannell's opinion, Plaintiff's ability to adjust to other work would be seriously affected.

Assuming for the moment that the ALJ could utilize the medical-vocational guidelines in this case, a dubious proposition given Plaintiff's non-exertional impairments,[5] it is clear that the ALJ used the incorrect age range when applying the guidelines. Thus, there is no substantial evidence supporting the ALJ's alternate finding that the medical-vocational guidelines lead to a conclusion that claimant is "not disabled." (T 31,32)

## CONCLUSION

Where the ALJ fails to apply the proper legal standard, the court may reverse and remand for an award of benefits if no new evidence is needed to make a determination. Carnes v. Sullivan,

---

[5] The Commissioner can utilize the Medical-Vocational guidelines in 20 C.F.R. Subpart P, App. 2 if a claimant primarily suffers from exertional impairments, without significant exertional limitations. When nonexertional limitations are alleged, the use of a vocational expert is preferred. See Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

15

936 F.2d 1215, 1218 (11th Cir. 1991).  Here, the evidence in this case supports a finding that plaintiff is disabled and the record does not contain substantial evidence supporting a contrary finding.  Thus, the court reverses the decision of the Commissioner and remands the case to the Commissioner for an award of benefits.

Accordingly and upon consideration it is **ORDERED** and **ADJUDGED** that:

    (1)  The decision of the Commissioner is REVERSED and the case is REMANDED to the Commissioner with directions to award benefits to Plaintiff as of the alleged onset date of disability.

**DONE AND ORDERED** in Tampa, Florida this 14th  day of August 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge